ALEXANDER WEIR, RESPONDENT, v. EDWARD S. ALLEN, APPELLANT.

Submitted July 10, 1916—Decided November 20, 1916.

1. Although a party to a suit cannot be deprived of his statutory right to recoupment by the mere form of pleading as by declaring on the common counts, where the contract has been completely performed instead of declaring upon the express contract, yet where the implied contract declared on is in fact a different contract from that out of which the damages sought to be recouped arose, the claim of recoupment is excluded by the terms of the statute itself.

2. The provision of section 64 of the District Court act authorizing recoupment not only of damages sustained by reason of any cause of action arising out of the contract, but also of damages sustained by reason of any cause connected with the subject of the action, was not meant to apply to a case where pre-existing causes of action had become merged in the one on which the plaintiff sues.

3. An account stated may be surcharged and falsified for fraud or
   mistake. *Vanderveer* v. *Statesir*, 39 *N. J. L.* 593, approved.
4. Where suit is brought on an account stated, and both parties
   concede that there was in fact an account stated, and the con-
   troversy is whether it resulted from a compromise, the real issue
   is not whether there were mistakes in the items, but whether the
   compromise was one enforceable by law. The necessary elements
   are the reality of the claim made, the good faith of the compro-
   mise, and the extinguishment of the pre-existing claim of the
   promisee.

On appeal from the Supreme Court.

For the plaintiff-respondent, *Burnett, Cornish & Sorg*.

For the defendant-appellant, *Edward S. Allen, pro se*
(*George E. Clymer* on the brief).

The opinion of the court was delivered by

SWAYZE, J. The plaintiff's state of demand consisted of
the common counts in *assumpsit* with a bill of particulars
stating that he sought to recover the amount due on an account
stated. The defendant, upon demand, specified as his defences
that the sum of the account stated was not correct and that
he did not owe the same; that the plaintiff did not fulfill the
contract or work on which the account was stated on his part
to be done and performed; that the work was not done in a
good and workmanlike manner. He also sought to recoup
damages. The trial judge struck out the recoupment because
the damages did not arise out of the contract that was the
subject of the action. In this he was right. The case, we
think, is within the rule of *Bozarth* v. *Dudley*, 44 *N. J. L.*
304, and *Winter* v. *Schoenfeld*, 78 *Id.* 92. It is true
that a party cannot be deprived of his statutory right
to recoupment by the mere form of pleading, as by de-
claring on the common counts where the contract has been
completely performed, instead of declaring upon the express
contract; but where, as in the cases cited, the implied con-
tract declared on is in fact a different contract from that out

of which the damages sought to be recouped arose, the claim of recoupment is excluded by the terms of the statute itself. In the higher courts the question has become unimportant since the enactment of section 12 of the supplement of 1912 to the Practice act. *Pamph. L., p.* 379. In the District Courts the right of recoupment still is governed by section 64; the provision of section 68, making the practice of the Circuit Courts applicable, does not extend to the case since there is express provision of law providing otherwise, viz., the provision of section 64. The language of section 64 differs from the language of section 105 of the Practice act of 1903 (*Comp. Stat., p.* 4084) and authorizes recoupment not only of damages sustained by reason of any cause of action arising out of the contract, but also of damages sustained by reason of any cause "connected with the subject of the action." This provision, broad as it is, could not, however, have been meant to apply to a case where pre-existing causes of action had become merged in the one on which the plaintiff sued. That is the present case. Disregarding the technicalities of pleading, the plaintiff's case is that all existing matters in controversy were settled and the balance due was agreed upon; for that balance he sues. It is a new contract requiring a new consideration to support it. The recoupment was properly stricken out.

The defendant, by his specifications of defences set up, and at the trial, sought to prove that there were errors in the account stated. The trial judge conceived the notion that he could not be allowed to make this proof because he had failed to deny in his specifications of defences that the account had been stated, and that he was thus precluded from attempting to deny it at the trial. This was an entire misconception of the legal situation. The defendant admitted the account stated but sought to surcharge and falsify. This he might do if he could show fraud or mistake. *Vanderveer* v. *Slatesir,* 39 *N. J. L.* 593. He sought to show mistake. The trial judge clearly erred in the reason he gave for his ruling, but we think the error was harmless. The controversy was

whether there had been an account stated resulting from a compromise. In such a case, where both parties concede that there was in fact an account stated, the real issue is not whether there were mistakes in the items going to make up the account. The very object of the compromise is to adjust such mistakes. The issue is whether the compromise resulting in the account stated was a compromise enforceable by law. The necessary elements are the reality of the claim made, the good faith of the compromise, and the extinguishment of the pre-existing claim of the promisee. "The extinguishment of the promisee's rights in the premises by force of the compromise is in such cases the benefit of the promisor which gives it the effect of a consideration." *Grandin* v. *Grandin,* 49 *Id.* 508, 510, approved by this court in *Bowers Dredging Co.* v. *Hess,* 71 *Id.* 327, and in *Trenton Street Railway Co.* v. *Lawlor,* 74 *N. J. Eq.* 828. In the present case Weir's claim amounted to $460.80 after deducting $334.10 due to Allen for board. Allen claimed a deduction of $355.50, and this was assented to on behalf of the plaintiff and the balance ascertained as $439.40, for which judgment was rendered. The evidence to this effect was uncontradicted; the judge sitting as a jury to try the facts gave credence to it, as indeed he could not do otherwise in the absence of contradiction. The legal effect was that Weir lost his right to claim the full amount of $460.80 and Allen lost his right to defend as to the balance. Allen did not offer to prove any mutual mistake or that he had been misled in any way.

The judgment is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, PARKER, BERGEN, MINTURN, KALISCH, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ. 12.

*For reversal*—None.